Day, J.
The view we take of this case renders it only necessary for us to determine whether the court erred in excluding the testimony proposed to be elicited, on cross-examination of the witness Coughenour, that he was not in Gallia county on or between the 5th and the 12th days of November, 1870.
The defendant Lee was indicted, with others, for aiding and abetting Coughenour, the witness, in the commission of the crime charged. His conviction was sought chiefly on the testimony of this witness, an admitted accomplice. It became material to show a conspiracy between the defendant and the witness to commit the crime. For this purpose the witness had testified in substance that he and Rimrney, (another defendant) lived in the same neighborhood in Gallia county ; that in October he saw Lee there, who told him to come up to Yin ton county (where Lee lived,) and steal money that he knew of there ; that he would let Rimrney know when he should come ; that about a week afterward Rimrney showed him a letter from Lee, directing him to meet Lee on the 14th of November at the foot of a certain hill ; that about a week after seeing the letter, he met Lee at the time and place mentioned therein, when the arrangement to perpetrate the burglary charged was completed.
The testimony of the witness tended to show that the original conspiracy was entered into in October, or the first of November, in Gallia county, and that the letter from Lee was shown to him in that county, on or about the seventh day of November in pursuance of that arrangement. It was clearly competent for the defendant, on cross-examination, to show that the witness was not in Gallia county at or about the time he had testified in chief to seeing the *154 letter in that county. We think the court erred in excluding that testimony. If the testimony about the letter was competent and material on the part of the State, it was equally competent and material for the defendant on cross-examination, pertinent to the testimony in chief, to test the recollection and veracity of the witness: to this end, the testimony excluded directly tended. The value of the evidence, moreover, when admitted, might, as in this case, be enhanced by other circumstances developed in the progress of the case; although no considerations of this kind, in the form in which they appear in this record, can affect the question of the competency of the evidence at the time and in the manner it was made. The only question we can consider, as the case stands, is, were the questions asked and the evidence sought to be elicited admissible as cross-examination ? In deciding that they Avere, we are influenced somewhat by the consideration, that in the cross-examination of an alleged accomplice, especially Avhere, as shown in this case, the witness testifies under strong circumstances of discredit, the accused should have a full and ample opportunity, by pertinent questions, to test his veracity, and should not be confined Avithin unreasonable limits.
The judgment must be reversed and the cause remanded for a new trial. Eor this reason it is not necessary to determine the other questions presented on the record and in argument, for they will probably be wholly immaterial in the further progress of the case.
Scott, C. J., and Welch, White and McIlvaine, JJ., concurred.